NEW ORLEANS, MAY, 1886. 517

Browne et al. vs. New Orleans et al.

## No. 9576.

### R. H. BROWNE ET AL. VS. CITY OF NEW ORLEANS ET AL.

38  517
47 1287

No injunction lies to restrain the enforcement of a municipal ordinance which has been abandoned and become inoperative, whether that fact is brought to the knowledge of the court of the first instance or on appeal.

APPEAL from the Civil District Court for the Parish of Orleans. Tissot, J.

E. H. Farrar, R. H. Browne, W. W. Howe, Chs. E. Schmidt and E. D. White for Plaintiffs and Appellants.

W. H. Rogers, City Attorney, for Defendants and Appellees.

The opinion of the Court was delivered by

WATKINS, J. The plaintiffs, alleging themselves to be residents and taxpayers of the city of New Orleans, join in this suit for the purpose of resisting the enforcement of a municipal ordinance known as No. 1214, Council Series, appropriating $5,000 for the purpose of defraying the expense of returning the Liberty Bell to the city of Philadelphia, and directing the comptroller to warrant on the treasury in payment of this appropriation.

They aver that this appropriation is *ultra vires* and void, and that the city council has no power or right to take money of the taxpayers of this city for any such purpose; and they pray for an injunction, but same was refused and petitioners appealed.

In this Court the mayor of the city has filed his affidavit, in which he states that said ordinance and appropriation have been abandoned and have become inoperative, and that the Liberty Bell has been returned to Philadelphia and the cost of its transportation has been paid by private contribution and nothing remains for this Court to decide.

In this state of the case there is no real issue before this Court, and the suit must be abated.

It is therefore ordered that this be stricken from our docket, and all costs taxed against the appellants.